## SCHOOL DIST. No. 24 OF ROGERS CO. v. BROWN.

No. 5660. Opinion Filed January 11, 1916.

(154 Pac. 525.)

**APPEAL AND ERROR—Case-Made—Summons—Dismissal—Grounds.**
Where the defendant in error was not served with a notice of the signing and settlement of the case-made, and such notice was not waived, and where the signature of the trial judge who signed the case-made is not attested by the clerk of the court and the seal thereof, and the case-made was not filed in the court below, and where the defendant in error has not waived service of summons, and the summons has not been served, and the time has expired in which the appeal and record can be perfected, this court has no jurisdiction in the premises, and the attempted appeal will be dismissed.

(Syllabus by Watts, C.)

*Error from County Court, Rogers County;*
*Walter W. Shaw, Judge.*

Action by Estella Brown against School District No. 24 of Rogers County, Okla. Judgment for plaintiff, and defendant brings error. Dismissed.

*C. S. Wortman,* for plaintiff in error.

*H. Jennings,* for defendant in error.

Opinion by WATTS, C. Defendant in error sued the plaintiff in error in the county court of Rogers county, where judgment was rendered in her favor, from which the plaintiff in error appeals. The motion for new trial was overruled on April 29, 1913, 60 days being given to make and serve a case-made, ten days to suggest amendments, and five days to settle and sign. The case-made was served June 20, 1913, and settled and signed by the trial judge on July 9, 1913, and the appeal was lodged in this court on October 10, 1913.

The plaintiff in error relies on the following assignments for reversal:

"(1) Error in refusing and ruling out competent and legal evidence on the part of defendant. (2) Error in refusing requested instructions asked for by defendant."

The appeal is defective for a number of reasons. It nowhere appears that defendant in error was served with a notice of the signing and settling of the case-made, nor does it appear that such notice was waived. Neither was the signature of the trial judge who settled and signed the case-made attested by the signature of the clerk of the court and the seal thereof, nor was the case-made filed in the court below. There is, however, a certificate of the clerk of the court, who certifies:

"That the above and foregoing is a true and complete copy of the case-made in case No. 415, Civil, Estella Brown v. School District No. 24, Rogers County, * * * as the same appears on file and of record in my office."

—but the seal of the court is not attached to the clerk's certificate, nor has defendant in error waived service of summons in error, nor has a summons in error been served. Most of the defects are jurisdictional, and as the time has long since expired in which the appeal and record could be perfected, this court has no jurisdiction in the premises.

Therefore, for the reasons mentioned, the appeal should be dismissed, and we so recommend.

By the Court: It is so ordered.